IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHELLE NEZOVICH,

      Petitioner,

v.                              CASE NO. 3:15-cv-173-LC-GRJ

JULIE L JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant to an Amended Petition, ECF No. 38.  Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 41, and Petitioner filed a reply, ECF No. 43.  For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition be dismissed as time-barred.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins

to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

### State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion.   ECF No. 41.  Petitioner pleaded *nolo contendere* to controlled substance offenses and was sentenced on October 18, 2010, to 15 years' imprisonment.  ECF No. 41-1 at 184-97; 216-22.  The First DCA affirmed, *per curiam*, without written opinion on May 15, 2012; the mandate issued on June 12, 2012.  *Nezovich v. State*, 88 So. 3d. 383 (Fla. 1st DCA 2012).  Petitioner sought discretionary review in the Florida Supreme Court, but the case was dismissed for lack of jurisdiction on November 13, 2012.  *Nezovich v. State*, 105 So.3d 521 (Fla. 2012).  Petitioner petitioned the U.S. Supreme Court for certiorari in a consolidated action involving several Florida defendants; the petition was denied on April 15, 2013.  *Delancy et al. v.*

*Florida*, 133 S.Ct 1819 (2013).

Petitioner unsuccessfully sought postconviction relief by way of a state habeas corpus petition during the pendency of her direct appeals. *Nezovich v. State*, 51 So.3d 466 (Fla. 2010); *Nezovich v. Morgan*, 63 So.3d 750 (Fla. 2011).  A previous federal habeas petition was dismissed without prejudice.  *Nezovich v. Tucker*, 3:11-cv-46 (N.D. Fla. 2011).  These proceedings all concluded prior to the U.S. Supreme Court's denial of certiorari on April 15, 2013.  *Id*.

On February 5, 2014, Petitioner submitted a letter to the Florida Supreme Court that was construed as a habeas corpus petition.  After Petitioner filed an amended petition, the Florida Supreme Court transferred it to the trial court on April 10, 2014.  ECF No. 41-2 at 189.  On July 7, 2014, the trial court construed it as a motion pursuant to Fla. R. Crim. P. 3.850 and entered an order striking it because Petitioner's allegations were facially insufficient and Petitioner failed to comply with the content and oath requirements of Rule 3.850.  The court granted Plaintiff leave to file an amended petition.  ECF No. 41-2 at 194-96.  Petitioner filed an amended motion on November 24, 2014, but failed to execute the motion or complete the certification and oath.  *Id*. at 200-16.  The state court denied

the amended motion on February 27, 2015, for failure to adhere to the

procedural requirements of Rule 3.850 because the motion did not have a

properly signed oath and failed to state facially sufficient claims for

postconviction relief.  ECF. No. 41-2 at 219-20.  The court denied

rehearing on June 15, 2015.  *Id*. at 269-70.  Petitioner appealed, but the

appeal was dismissed as untimely on October 14, 2015.  *Nezovich v.*

*State*, 176 So.3d 384 (Fla. 1st DCA 2015).

Petitioner filed the instant federal habeas corpus petition on April 17,

2015.  ECF No. 1.

## Discussion

Respondent correctly asserts that Petitioner's conviction became

final, and the one-year limitations period began to run, on April 15, 2013,

when her petition for certiorari in the U.S. Supreme Court was denied.  At

that point, the various state-court motions for relief filed during the

pendency of her direct appeals also had been denied.  Petitioner filed no

further state-court postconviction proceedings until February 5, 2014, 296

days later, when she submitted a "letter" to the Florida Supreme Court that

eventually was transferred to the state court as a construed Rule 3.850

motion.  Even assuming that the letter/motion tolled the limitations period

until Petitioner ultimately filed her amended Rule 3.850 motion in the trial court on November 24, 2014, as Respondent asserts the amended motion did not further toll the limitations period because it was facially improper due to not having a properly signed oath, as the state court found.  ECF. No. 41-2 at 219.

Under Florida law, a Rule 3.850 motion for post-conviction relief must be signed by the defendant himself and contain either a notarized or an unnotarized oath.  *See* Fla. R.Crim. P. 3.987(1). The Eleventh Circuit has held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not "properly filed" under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period. *Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir.2000); *Jones v. Sec'y Fla. Dept. Of Corr.*, 2012 WL 6028995 **4, 499 Fed. Appx. 945 (11th Cir. 2012).

Thus, tolling of the one-year federal limitations period ceased, at the latest, on November 24, 2014, when Petitioner filed the procedurally defective amended Rule 3.850 motion in the state court.  At that point, only 69 days remained in the federal limitations period.  Petitioner filed her petition in this Court 144 days later, on April 17, 2015.  The petition, therefore, is untimely.

Accordingly, for the foregoing reasons, the Respondent's motion to dismiss is due to be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1.  Respondent's Motion to Dismiss, ECF No. 41, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED**; and

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 8th day of February 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.